UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: SUBOXONE FILM (BUPRENORPHINE/NALOXONE) FILM PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Case No. 1:24-sf-65028<br><br>MDL. No. 3092 |
| **Re: Lori Elliot** | ) ) | Judge J. Philip Calabrese |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RELIEVE LORI ELLIOT FROM THE OCTOBER 9, 2025 ORDER OF JUDGE J. PHILIP CALABRESE DISMISSING HER CLAIMS**

Dated: Garden City, New York
      January 8, 2026

 

Respectfully submitted,

*/s/ Joseph G. Dell*
JOSEPH G. DELL (JD-7315)
DELL & DEAN, PLLC
Attorneys for Plaintiff
1225 Franklin Avenue, Suite 360
Garden City, New York 11531
(516) 880-9700

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................i

PRELIMINARY STATEMENT ....................................................................................... 1

STANDARDS FOR RULE 60 MOTIONS ....................................................................... 2

ARGUMENT...................................................................................................................... 3

CONCLUSION ..................................................................................................................9

**PRELIMINARY STATEMENT**

Plaintiffs bring this action for damages caused by Defendants' wrongful conduct in connection with the development, design, testing, labeling, packaging, promoting, advertising, marketing, distribution, and selling of the prescription drug Suboxone® and delay in releasing the alternative buprenorphine-containing product Sublocade® extended-release injection.

On November 4, 2024, the Court issued Case Management Order No. 12 (ECF No. 158), establishing a census protocol for Plaintiffs with cases filed on or before October 7, 2024.

On March 14, 2025, the Court issued Case Management Order No. 15 (ECF No. 207). That Order (as later amended with provisions relating to other topics) governed the selection of 500 Plaintiffs for a Record Collection Pool ("RCP Plaintiffs") as the first step of selecting bellwether cases for trial and confirmed that RCP Plaintiffs were obligated to complete the Census Form on or before August 1, 2025. Pursuant to that Order, the parties randomly identified 500 RCP Plaintiffs in Case Management Order No. 16. (ECF No. 217.) The parties identified RCP replacements in Amended Case Management Order No. 16 (ECF No. 227) and Second Amended Case Management Order No. 16 (ECF No. 239). The Court identified provisional RCP replacements in an Order dated July 15, 2025. (ECF No. 287.)

Plaintiff Elliot is a non-RCP plaintiff who was included in the Census protocol and was subsequently identified as a Plaintiff who did not serve the completed census by August 1, 2025. (Case: 1:24-md-03092-JPC Doc #: 328-1 Filed: 09/09/25 22 of 84. PageID #: 7757).

In response to the Court's Show Cause Order, Plaintiff Lori Elliot submitted a response outlining the basis for her failure to complete the census by August 1, 2025. In this response, Plaintiff Lori Elliot averred that she had submitted the requisite census documentation, though

1

admittedly not before August 1, 2025. She further averred that the failure to do so by August 1, 2025 was due to a mixture of severe personal issues that caused her to inadvertently overlook the deadline, and communication issues.

By Order dated October 9, 2025, the Court did dismiss Plaintiff Lori Elliot's claims for failing to timely submit the census documents, and finding that such issues did not constitute a reasonable excuse for non-compliance.

Plaintiff Lori Elliot now moves pursuant to Federal Rule of Civil Procedure 60(b)(1) and (b)(6), for an Order granting relief from the aforesaid Order dated October 9, 2025 (Doc #527), which dismissed her claims.

## STANDARDS FOR RULE 60 MOTIONS

Federal Rule of Civil Procedure 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

1. mistake, inadvertence, surprise, or excusable neglect;
2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4. the judgment is void;

2

> 5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> 6. any other reason that justifies relief.

Fed. R. Civ. P. 60

Federal Rule of Civil Procedure 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

The Courts have found that applications made pursuant to Federal Rule of Civil Procedure 60(b) should be liberally construed and any doubt resolved in favor of application so that the case may be tried upon the merits. <u>Iowa v. Union Asphalt & Roadoils, Inc.</u>, 281 F. Supp. 391 (S.D. Iowa 1968), aff'd, 409 F.2d 1239 (8th Cir. 1969), and aff'd sub nom. <u>Standard Oil Co. v. Iowa</u>, 408 F.2d 1171 (8th Cir. 1969); <u>Am. Emp. Ins. Co. v. Sybil Realty, Inc.</u>, 270 F. Supp. 566 (E.D. La. 1967); <u>Laguna Royalty Co. v. Marsh</u>, 350 F.2d 817 (5th Cir. 1965); <u>In re Casco Chem. Co.</u>, 335 F.2d 645 (5th Cir. 1964); <u>Huntington Cab Co. v. Am. Fid. & Cas. Co.</u>, 4 F.R.D. 496 (S.D.W. Va. 1945).

## **ARGUMENT**

As noted in Plaintiff's response to the court's Show cause Order, Plaintiff acknowledges the Court's directives regarding timely compliance and regrets any delay in submitting all required documentation, however, not only was Plaintiff experiencing personal issues that caused her substantial stress, but, such late compliance was also the result of law office failure, in that it was believed that all required documentation had already been submitted. Annexed hereto as Exhibit "1" is a printout from Crosstrax, showing the submissions of the various tasks.

3

As can be seen from the printout, a Census Form Certification was actually timely submitted on June 18, 2025, well within the time frame outlined by the court, and the next task – to update the Census, was marked "optional." It was not clear that another certification was required after that initial submission. Annexed hereto as exhibit "2" is an affirmation of Faye Lampropoulos, who avers that she reasonably believed all required documentation had been properly submitted as of June 18, 2025, when the completed Census Form certification was filed. There were no other available tasks, other than the census update task (which was marked "optional" and only made available as of July 31, 2025, the day before the completed certifications were due regardless).

While the error in failing to timely submit the completed census form is acknowledged, this was, first and foremost, and mistake due to the confusion brought about by the Crosstrax submission page marking the submission of the Census Form Certification as a completed task, when clearly, it should not have. Even to the extent that this may constitute law office failure, this mistake, or otherwise excusable neglect, falls under the ambit of Federal Rule of Civil Procedure 60(b)(1), and as such, warrants relief from the Order dismissing her claims.

For the purpose of a Rule 60 application, "the proper focus is upon whether the neglect of [the client] *and their counsel* was excusable." In re Colangelo, 414 B.R. 136, 148 (E.D. Mich. 2009).

"Where the order or judgment at issue did not involve a consideration of the merits, the Sixth Circuit looks to the United States Supreme Court's *Pioneer* analysis to decide whether a party's neglect is excusable." "The Court in *Pioneer* looked to five factors in stating that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice [], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control

4

of the movant, and whether the movant acted in good faith." In re Baker, No. 11-30402, 2014 WL 1393955, at *5 (Bankr. N.D. Ohio Apr. 9, 2014) (Internal Citations omitted).

"[E]excusable neglect [. . .] is not limited strictly to omissions caused by circumstances beyond the control of the movant," the Court nevertheless must consider all of the pertinent circumstances. These include the danger of prejudice to the adverse party, the reason for the delay, whether it was reasonably within the control of the movant, and whether the movant acted in good faith. '[T]he determination is at bottom an equitable one ...'" Sea-Land Serv., Inc. v. Citihope Int'l, Inc., 176 F.R.D. 118, 121 (S.D.N.Y. 1997). See also, In re LSC Liquidation, Inc., 699 F. App'x 503, 508 (6th Cir. 2017); In re FairPoint Commc'ns, Inc., 462 B.R. 75 (S.D.N.Y. 2012); Peake v. First Nat. Bank & Tr. Co. of Marquette, 101 F.R.D. 544, 545 (W.D. Mich. 1984).

The Sixth Circuit has already stated that "we have suggested that an attorney error would fit within the ambit of Rule 60(b)(1)." In re LSC Liquidation, Inc., 699 F. App'x 503, 508 (6th Cir. 2017).

This is also reflected in the decisions of many other courts. Razvi v. Dallas Fort Worth International Airport, 2022 WL 4298141 (5th Cir. 2022)(District court abused its discretion in dismissing case and failing to grant relief under Rule 60(b)(1) where, following removal from state court, plaintiff failed to file timely certificate of interested persons as required by local federal rule due to secretary's mistake in failing to calendar the filing); Norman v. U.S., 377 F. Supp. 2d 96 (D.D.C. 2005), aff'd, 467 F.3d 773 (D.C. Cir. 2006) (Counsel's lack of familiarity with the district court's electronic case-filing system, which apparently resulted in counsel's failure to receive e-mail notification of a status conference, constituted excusable neglect within the meaning of Rule 60(b)(1)); In re Vitamins Antitrust Class Actions, 327 F.3d 1207, 1209–10 (D.C. Cir. 2003)("the

5

question of whether attorney error may constitute "excusable neglect" is within the discretion of the district court and the court did not abuse its discretion, we will affirm the modification of the final judgment."); Walter v. Blue Cross & Blue Shield United of Wisconsin, 181 F.3d 1198 (11th Cir. 1999)(Plaintiff's attorney's untimely response to a motion to dismiss, due to the failure of a former secretary to record the applicable deadline, was excusable neglect, and therefore plaintiff was entitled to relief from the dismissal; defendant did not suffer any prejudice from the delay, allowing plaintiff to file an untimely response would not have an adverse impact on the district court or its resources, the reason for the delay involved an innocent oversight, and plaintiff did not act in bad faith.); Greenspun v. Bogan, 492 F.2d 375, 382 (1st Cir. 1974)(FRCP should be afforded "liberal construction" "where error is due to failure of attorneys or other agents to act on behalf of their clients.").

  Here, as the Crosstrax submission page did indicate that the Census Form Certification was already filed and completed in June, and as there were no other open tasks requiring further submissions, it was reasonably believed that Plaintiff's obligations had been satisfied. It appeared that there were no other notifications that additional information was needed until the Court filed its Show Cause Order, at which point the mistake was made apparent, and immediately corrected.

  Moreover, as counsel for Plaintiff Lori Elliot is a New York based firm, whose first and only interaction with the Ohio District Court's filing system is this case, any delays resulting from counsel's unfamiliarity with such filing system, and thus any communications concerning the fact that additional tasks were required beyond the June 18, 2025 submission would also be excusable neglect in line with the holding of Norman v. U.S., 377 F. Supp. 2d 96.

  Here, the decision dismissing Plaintiff Lori Elliot's complaint was not a decision on the

merits, but due to inadvertent noncompliance with a Court directive. As such ,the five prong Pioneer test should apply. These facts favor relief under the Pioneer factors. First, in terms of the danger of prejudice, Defendant would not be prejudiced, as Plaintiff did fully comply, albeit somewhat late. Multiple other late submissions were accepted when the court found their justifications acceptable, and so one more late submission would be no more prejudicial.

Second and Third, as to the length of the delay and its potential impact on judicial proceedings, the delay was minimal, with the completed Census Form Certification being fully submitted only a month late, and before the Court had rendered any decision as to the outcome of plaintiffs who failed to submit such documents or submitted such documents late. Moreover, as Lori Elliot is but one of many plaintiffs affected by Defendants' products in this case, there would be no delay in this proceeding by virtue of her claims being reinstated.

Fourth, the reason for the delay is, in substantial part, that Crosstrax seemingly marked the matter completed in June, when that was apparently not the case. Crosstrax, as an outside document submission platform, is outside the control of the parties, and any confusion resulting from poor labelling in-system should not be attributed to Plaintiff Lori Elliot.

Fifth, as to whether Plaintiff Lori Elliot acted in good faith, such is clearly the case, as all other submission deadlines were adhered to, and it was reasonably believed that this submission was done timely.

As the mistake here was not willful, and as the mistake has since been corrected, and as Defendant would not be prejudiced by a slightly late submission, Plaintiff Lori Elliot should be afforded relief under Federal Rule of Civil Procedure 60(b)(1) and/or (b)(6).

Clearly, this was not the result of willful disregard for the Court's orders, or bad faith. While

7

Plaintiff regrets the untimely submission, all required forms are now executed and served. (See Exhibit "A") Counsel has reinforced communication procedures with Plaintiff to prevent any future lapse and ensure full compliance with Court directives. The brief delay did not impair Defendants' ability to prepare their defense, and the case, if the dismissal is reversed, is now aligned with the Court's scheduling orders.

Plaintiff respectfully asks the Court to excuse this sole instance of late compliance, and relieve her from the terms of the Order that dismissed her claims based on such late compliance. Iowa v. Union Asphalt & Roadoils, Inc., 281 F. Supp. 391 (S.D. Iowa 1968), aff'd, 409 F.2d 1239 (8th Cir. 1969), and aff'd sub nom. Standard Oil Co. v. Iowa, 408 F.2d 1171 (8th Cir. 1969); Am. Emp. Ins. Co. v. Sybil Realty, Inc., 270 F. Supp. 566 (E.D. La. 1967); Laguna Royalty Co. v. Marsh, 350 F.2d 817 (5th Cir. 1965); In re Casco Chem. Co., 335 F.2d 645 (5th Cir. 1964); Huntington Cab Co. v. Am. Fid. & Cas. Co., 4 F.R.D. 496 (S.D.W. Va. 1945).

Courts evaluating "good cause" with respect to failure to meet scheduled deadlines focus primarily on diligence and prejudice. See, Inge v. Rock Financial Corp., 281 F.3d 613, 625 (6th Cir. 2002). This short delay, "…standing alone, is an insufficient basis for…" dismissal of plaintiff's claim. See, Butler v. 3M Company, 2024 U.S. Dist. LEXIS 222824, at *9 (S.D. Ohio Dec. 9, 2024) (internal citations omitted) (allowing amendment after court-ordered deadline due to lack of prejudice to defendants). Instead, "the delay must have resulted in prejudice to the party opposing the motion." Id. Here, Plaintiff acted diligently to cure the submission deficiency and the short delay should not result in dismissal of her claims where Defendants suffer no prejudice and discovery is ongoing.

## CONCLUSION

Here, as Plaintiff Lori Elliot simply mistook her June submission of the Census Certification as complete compliance, leading to a brief delay in actual full compliance, the Court should relieve her from the dismissal order, pursuant to Rule 60(b)(1) and/or (b)(6), based on such justifiable and excusable neglect and mistake. Such inadvertent delay in compliance was not willful, and poses no prejudice to Defendants, particularly as all requisite forms are currently submitted.

Dated: Garden City, New York
       January 12, 2026

Respectfully submitted,

*/s/ Joseph G. Dell*
JOSEPH G. DELL (JD-7315)
DELL & DEAN, PLLC
Attorneys for Plaintiff
1225 Franklin Avenue, Suite 360
Garden City, New York 11531
(516) 880-9700